**ROBERT G. BENEKE & CO., INC., Appellant,**

v.

**Bobby Ray COLE, Appellee.**

**No. 19160.**

Court of Civil Appeals of Texas, Dallas.

March 30, 1977.

H. Louis Nichols, Saner, Jack, Sallinger & Nichols, Dallas, for appellant.

Schuyler B. Marshall, Stephen F. Fink, Thompson, Knight, Simmons & Bullion, Dallas, for appellee.

ROBERTSON, Justice.

Robert G. Beneke & Co. sued for liquidated damages for breach of a restrictive covenant in an employment contract executed by Beneke and Bobby Ray Cole, appellee. After a nonjury trial, the court found that Cole had violated the restrictive covenant, but declined to award liquidated damages because the contractual provision therefor constitutes a penalty. Beneke appeals and contends that the trial court's finding that the contract contained a penalty provision rather than a liquidated damages provision is erroneous as a matter of law and, alternatively, is contrary to the great weight and preponderance of the evidence. We hold that the provision as written constitutes a penalty as a matter of law, and, accordingly, we affirm the judgment.

Beneke is a public adjuster and, in fact, controls eighty to ninety percent of this kind of business in Dallas County. Cole had been a successful claims adjuster representing insurance companies for many years before his employment by Beneke. The contract in dispute was executed at the time of employment, and Cole admits that he read and understood all provisions. He further admits that he terminated his employment with Beneke and in violation of the contract entered into the same business in Dallas County and presently is in competition with his former employer.

 It has long been held that a post-employment restraint is reasonable, assuming that the public interest is not directly involved and if it does not impose on the employee a greater restraint than is reasonably necessary to protect business and good will of the employer. *Weatherford Oil Tool Co. v. Campbell,* 161 Tex. 310, 340 S.W.2d 950, 951 (1960). In this case, Beneke does not seek injunctive relief to prevent competition, but instead requests that the provision of the contract concerning damages be enforced by the courts. This provision reads as follows:

> In case of violation of this covenant, Cole will pay to Beneke or its successors, the sum of TWENTY FIVE THOUSAND DOLLARS ($25,000) as liquidated damages here agreed upon because of the difficulty of ascertaining the actual damages, *but such payment is not to release Cole from the obligations undertaken hereby or from liability of further breach thereon.* [emphasis added]

Consequently, the principal issue on appeal is whether the contract provides liquidated damages or a penalty. In *Stewart v. Basey,* 150 Tex. 666, 245 S.W.2d 484, 486 (1952), our supreme court adopted the view of the Restatement of Contracts concerning liquidated damages by requiring that the amount of damages fixed in advance be a reasonable forecast of just compensation for the harm by a breach and that the actual damages from the harm be difficult of accurate estimation. Restatement of Contracts § 339 (1932). In this case, the contract not only provides for a payment of $25,000 for a breach of the covenant, but fails to exclude further liability for any actual damages proved. Apparently, Beneke may seek further compensatory damages. We cannot agree with Beneke that this provision is a reasonable forecast of just compensation, since $25,000 is only the first amount to be collected from Cole. Consequently, this provision must be construed to be a penalty and unenforceable.

 Although the contract reads that the parties agreed to the difficulty of ascertaining actual damages, there is no evidence before us to show that the parties actually attempted to determine damages or, in the alternative, fix liquidated damages which would be reasonable. Although a contract expressly declares that a stipulated sum is to be regarded as liquidated damages, it may be held to constitute a penalty, and in such a case the recovery may be limited to the actual damages suffered. *Santa Fe St. Ry. Co. v. Schutz,* 37 Tex.Civ.App. 14, 83 S.W. 39 (1904, writ ref'd). Beneke has not presented evidence as to any real damages he has incurred because of the competition. Therefore, we hold that the trial court did not err by rendering a take-nothing judgment. Accordingly, we affirm the judgment of the trial court.

Affirmed.