Gerald E. EBERTS, Appellant,

v.

BUSINESSPEOPLE PERSONNEL
SERVICES, INC., Appellee.

No. 20573.

Court of Civil Appeals of Texas,
Dallas.

Aug. 6, 1981.

James R. Caton, James R. Caton & Associates, McKinney, for appellant.

Jerry W. Mills, Richards, Harris & Medlock, Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and CARVER, JJ.

GUITTARD, Chief Justice.

Businesspeople Personnel Services, Inc., sued its former employee, Gerald E. Eberts, to restrain him from competing in violation of restrictive covenants in his employment contract and also for liquidated damages. The trial court, sitting without a jury, granted the injunction and awarded recovery of damages in an amount less than that stipulated in the contract. Defendant Eberts appeals. We affirm the injunction and modify the judgment by denying recovery of damages.

### 1. Special Exceptions

■ Defendant complains of the court's action in overruling his special exceptions because the petition was factually insufficient to allege a cause of action. The special exceptions, however, fail to point out that the petition is insufficient to allege grounds for injunctive relief. They complain, rather, that various allegations of the petition are conclusions of the pleader and are too vague and general to give defendant fair notice. Defendant does not show in what manner the generality of the pleadings deprived him of a reasonable opportunity to defend. He made no objection to plaintiff's evidence on the ground that it came as a surprise or was not within the scope of the pleadings. Consequently, any error in overruling the special exceptions is waived. *Banner Dairies v. Geers*, 292 S.W.2d 169, 171 (Tex.Civ.App.—El Paso 1956, writ dism'd); *Pounds v. Jenkins*, 157 S.W.2d 173, 176 (Tex.Civ.App.—Texarkana 1941, no writ).

### 2. Injunctive Relief

■ Defendant urges that there is no evidence, or insufficient evidence, to show that injunctive relief is necessary for the protection of plaintiff's business and goodwill. Our review of the record reveals evidence sufficient to support the trial court's findings in this respect. The court found that plaintiff had trained defendant as a job counselor in providing placement and counselling services; that defendant had established and maintained substantial goodwill for plaintiff between himself and plaintiff's clients and prospective clients; that defendant had access to confidential business information, including lists of clients and business methods; that defendant resigned his employment with plaintiff and began an employment agency business with his wife; that he advertised the services of such agency and contacted various employers who were previous or prospective customers of plaintiff; that defendant had declared his intention to continue such competitive activities before he was restrained by the court; and that plaintiff's goodwill and its relationship with its clients had been damaged. These findings support the court's conclusions that defendant's actions constitute a material breach of his employment agreement and that the injunction prayed for was reasonably necessary to protect plaintiff's goodwill from further competitive activities by defendant and safeguard plaintiff's confidential business information. Consequently, we hold that there is sufficient evidence to support the injunctive relief granted.

■ Defendant further contends that the contract was unenforceable because of wrongful conduct by plaintiff. Although defendant alleged certain breaches of the employment contract, the court made no finding of fact as to that issue, and defendant made no request for additional findings as authorized by rule 298 of the Texas Rules of Civil Procedure. Consequently, this defense was waived. *Elliott v. Bowden*, 564 S.W.2d 825, 828 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.); *Micrea, Inc. v. Eureka Life Insurance Co. of America*, 534 S.W.2d 348, 357 (Tex.Civ.App.—Fort Worth 1976, writ ref'd n. r. e.).

■ Defendant complains that the injunction in the terms of the contract is overbroad and is unenforceable for want of specificity. We cannot agree. The injunction restrains defendant from engaging in the business of a private employment agency or agent within a one-hundred mile radius from the Dallas County Courthouse until

February 15, 1982, and from assisting in the finding of employees for employers, or employment for employees for a commission or fee, within that area for that period. The injunction further restrains defendant from disclosing plaintiff's confidential records, business methods, and names of its customers and clients. This decree conforms to the terms of the contract and we find from the record that it meets the test of reasonableness as to time and space established by *Weatherford Oil Tool Co. v. Campbell*, 161 Tex. 310, 340 S.W.2d 950, 951 (1960). Consequently, it is valid and enforceable. *Gonzales v. Norris of Houston, Inc.*, 575 S.W.2d 110, 113 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n. r. e.); *Integrated Interiors, Inc. v. Snyder*, 565 S.W.2d 350, 352 (Tex.Civ.App.—Fort Worth 1978, writ ref'd n. r. e.). Defendant has not suggested any manner in which it should be reformed so as to limit its scope in any other respect. Consequently, we need not consider whether such a reformation would be proper.

### 3. *Damages*

Finally, defendant urges that the trial court erred in awarding "liquidated damages" of $7,500 because the evidence is insufficient to meet plaintiff's burden of proof as to reasonableness. Plaintiff makes no attempt to justify the award of $7,500 as based on evidence of actual damages, but presents a counterpoint urging that it is entitled to recover the $10,000 liquidated damages stipulated in the contract. We conclude that the trial court's award of $7,500, which it characterized as "liquidated damages," cannot be supported either as actual damages or as liquidated damages, and that the $10,000 payment stipulated is an unenforceable penalty in view of the specific enforcement of the contract by injunction.

The award of $7,500 cannot be supported as actual damages because, as defendant contends, the evidence does not establish any basis for the recovery of that amount. The only testimony concerning damages was by plaintiff's president, who testified that he was unable to state the amount of any damages from defendant's breach of the contract other than expenses of litigation, including attorney's fees and loss of time by himself and other employees. There was no estimate of the amount of commissions lost because of defendant's competition in the period between the termination of his employment with plaintiff on February 15, 1980, until he was restrained from further competition on March 4, 1980. The trial court found that plaintiff has expended $5,000 for attorney's fees and expenses of suit. This record contains neither pleading nor proof supporting recovery of $7,500 as either a statutory or a contractual attorney's fee. Expenses of litigation are not recoverable as damages unless expressly provided by statute or contract. *Hammonds v. Hammonds*, 158 Tex. 516, 313 S.W.2d 603, 605 (1958); *Wm. Cameron & Co., Inc. v. American Surety Co. of New York*, 55 S.W.2d 1032, 1035 (Tex.Comm'n App. 1932, opinion adopted). This rule applies to a litigant's loss of time. *Phillips v. Latham*, 523 S.W.2d 19, 27 (Tex.Civ.App.—Dallas 1975, writ ref'd n. r. e.).

Neither is plaintiff entitled to recovery of the full $10,000 as the liquidated damages stipulated in the contract. Plaintiff argues that the liquidated damages provision is enforceable because the amount stipulated is payable in lieu of actual damages that are difficult to ascertain. This argument is inconsistent with the petition, which alleges and prays for both actual and liquidated damages. If this inconsistency is ignored, we must consider whether the provision for $10,000 liquidated damages is a reasonable forecast of just compensation for the harm expected as a result of a breach; otherwise the provision is an unenforceable penalty. *Stewart v. Basey*, 150 Tex. 666, 245 S.W.2d 484, 486 (1952); Restatement of Contracts, § 339 (1932).

The provision in question is as follows: First Party and Second Party agree that the actual damages to First Party resulting from any breach of this non-compete agreement by Second Party will be and are uncertain, intangible and not readily or accurately ascertainable; that a fair

and reasonable estimate of the damages to First Party that will result therefrom under the circumstances is Ten Thousand Dollars ($10,000.00); and the parties desiring to dispense with the high costs to each of litigating the issue of actual damages; it is, therefore, agreed that in the event Second Party shall breach the above non-compete covenant, he (she) shall pay to First Party the sum of Ten Thousand Dollars ($10,000.00) as liquidated damages which shall be in addition to (and not in lieu of) First Party's right to specific performance of such covenant by Second Party and the right to pursue same in a court of equity (injunctive relief).

In support of the reasonableness of this provision, plaintiff argues that the trial court found that the average fee earned by plaintiff was about $3,000 per placement. Plaintiff insists: "It is not unreasonable to estimate that within a two-year period at least [four fees] from such placements ($12,000) would be lost due to the competition of an ex-employee." This argument assumes that defendant would not be restrained by injunction during the two-year period. Actually, defendant was free to compete less than three weeks, and there is no evidence that plaintiff has lost any business because of defendant's competition within that period or that defendant violated the injunction after the restraining order was issued. If enforceable, the contract would exact a payment of $10,000 for any breach of the restrictive covenant, whether the breach continues for only one day or for two years, and would authorize an injunction enforcing the restriction for any portion of the period remaining. Under these circumstances the $10,000 cannot be considered a genuine pre-estimate of the harm to be suffered by any single breach. 5A Corbin, Contracts, § 1071, at 401 (1964). Consequently, it falls within the condemnation of *Stewart v. Basey, supra,* and other Texas decisions holding that a stipulation for a liquidated damages should be treated as an unenforceable penalty if the contract contains several matters of different degrees of importance and the sum stipulated is payable for the breach of any, even the least. *Accord: Krenek v. Wang Laboratories, Inc.,* 583 S.W.2d 454 (Tex.Civ.App.—Waco 1979, no writ); *Servisco v. Tramco, Inc.,* 568 S.W.2d 434, 437 (Tex.Civ.App.—Texarkana 1978, writ ref'd n. r. e.).

■ The present contract may be enforceable if it is regarded as giving plaintiff an option to elect between injunctive relief and liquidated damages. Also, if actual damages are proved, plaintiff may be entitled to damages for a breach that occurred before the suit was filed as well as to an injunction restraining subsequent breaches. Payment of damages, however, constitutes satisfaction for any injury that may be caused by the breach, whereas an injunction has the effect of a decree of specific performance restraining any breach that would otherwise cause damage. Therefore, if the court grants an injunction preventing the breach from continuing and becoming total, it should not at the same time give judgment for the full amount of liquidated damages specified in the contract. *Wirth & Hamid Fair Booking, Inc. v. Wirth,* 265 N.Y. 214, 192 N.E. 297, 300–01 (1934); 5A Corbin, Contracts, § 1071, at 401 (1964); *see McMurray v. Faust,* 224 Iowa 50, 276 N.W. 95, 100 (1937); *Heatwole v. Gorrell* 35 Kan. 692, 12 P. 135, 138–39 (1886). The inconsistency of these remedies is similar to that recognized by this court in *Robert G. Beneke & Co. v. Cole,* 550 S.W.2d 321, 322 (Tex.Civ.App.—Dallas 1977 no writ), in which we held that liquidated damages could not be recovered in addition to actual damages, notwithstanding a provision in the contract purporting to authorize such a recovery.

Plaintiff relies on *Mayhall v. Proskowetz,* 537 S.W.2d 320 (Tex.Civ.App.—Austin 1976, writ ref'd n. r. e.) as supporting its contention that a provision for liquidated damages for competition by a former employee is enforceable. In that case, however, there was no claim for injunction; thus liquidated damages were not, as here, recovered in addition to injunctive relief. Rather, the contract provided for a liquidated sum of $5,000 because of the difficulty of proving

damages, and that amount was presumably fixed in lieu of all other compensation as satisfaction for a breach that might continue for the entire three-year period. Consequently, we do not regard *Mayhall* as contrary to our holding in the present case.

■ Plaintiff also argues in support of the reasonableness of the liquidated damage provision that the amount stipulated is based on anticipated expenses of litigation rather than loss of business and goodwill from defendant's breach. Plaintiff's president testified that he thought $10,000 was reasonable because of time already lost and attorney's fee already incurred, and that he chose the $10,000 figure because he knew that attorney's fees were expensive and that litigation would cause loss of time for him and other personnel involved. If the liquidated damage provision is based on an estimate of the attorney's fee, it does not conform to the requirement in *Stewart, supra,* 245 S.W.2d at 487, that the damages be difficult of accurate estimation, because attorney's fees are routinely proved and recovered when authorized by contract or by statute. Regardless of whether a recovery of an attorney's fee would have been proper in this case if based on proper pleading and proof, which the present record does not show, we hold that an estimate of the attorney's fee and other expenses anticipated in enforcing a contract does not support the reasonableness of a provision for liquidated damages.

With respect to the injunction, the judgment is affirmed, and with respect to the recovery of damages, the judgment is reversed and judgment is rendered that plaintiff take nothing. Costs are divided equally.