S. B. HYMAN, Ex'r., &c., v. JOHN DEVEREUX et al.

Facts which are found by a referee, and approved by the Court, are not the subject of review by this Court.

Before judgment can be given upon an injunction bond, the party alleging that he has been damnified by reason of said injunction, must establish the *quantum* of damages sustained.

The *quantum* of damages recoverable by a party injured under the old system, as compared with the amount under the C. C. P., discussed.

Motion for taxing costs heard before *Watts, J.* at Spring Term, 1871, of HALIFAX Superior Court.

The plaintiff had obtained an injunction against the defendant in a suit theretofore pending in the Superior Court of Halifax County; and afterwards in the Supreme Court of this State, vide *Hyman* v. *Devereux,* 63 N. C. 624, there was a judgment for a dissolution of the injunction. In the Superior Court of Halifax a motion was made that judgment be granted on the injunction bond of plaintiff for the damages sustained by the defendant, by reason of the injunction. The parties agreed that the only damages sustained are the fees paid counsel, *by reason of the injunction.* Which question was by consent of parties referred to B. F. Moore, Esq., who after examining into the facts of the case, reported that "he was unable to see from the evidence that any counsel fees had been incurred because of the issuing of the injunction in this case," and he reported that the defendant had sustained no damage by reason of the said injunction. His Honor after hearing exceptions to the report of the referee adjudged that said report be confirmed. Defendants appealed.

*Conigland,* for plaintiff.

*Walter Clarke,* with whom were *Rogers & Batchelor,* for defendants.

1. Reasonable counsel fees paid to procure dissolution of an

injunction should be allowed as damages against the injunction bond. *Edwards* v. *Bodine*, 1 Paige 223 ; *Coates* v. *Coates*, 1 Duer, 644 ; *Wilde* v. *Joel*, 6 Duer, 671 ; *Corcoran* v. *Judson*, 24 N. Y. 106 ; *Littlejohn* v. *Wilcox*, 2 La. Ann. 620 ; *Fitz-patrick* v. *Flagg*, 12 Abb. P. R. ; *Leay* v. *Greenwood*, 21 Ala. 491 ; *Morris* v. *Price*, 2 Blackf. (Ind.) 457, and cases generally cited in note to Sedgwick on Damages, pp. 451–453 (5th edition ;) Vorhees N. Y. Code, 408, (9th ed.,) and authorities there decided.

2. One of the grounds for injunction specified in plaintiff's brief 63 N. C. p. 624, is the provision that a mortgage should be reduced to a judgment before a sale could take place. The Court impliedly overruled that ground and defendant was entitled to have reasonable counsel fees paid by him to enable him to get a discharge from such interference with his *rights*.

3. Mr. Moore, the referee, misunderstood the ground of injunction. It was not to restrain a threatened conveyance but to restrain a sale, and *obtain* a conveyance to the plaintiffs.

4. The sureties need not have notice. *Methodist Churches* v. *Barker*, 4 Smith, (N. Y.) 463.

RODMAN, J. The first objection of the claim of the defendant, is that the referee, Mr. Moore, has found, as a *matter of fact*, that the fees paid to his counsel were not paid in consequence of the injunction, but to resist the claims of the plaintiff in the action generally. This finding is approved by the Judge, and is not open to review in this Court, unless we can say that his Honor erred *in law* in not holding that *all* the fees paid to counsel by the defendant in the cause were the legal and necessary consequence of the injunction, which, in this case, we could not do.

But the referee has not said that no part of the fees paid was in consequence of the injunction ; probably some part was. If therefore, we were of opinion with the defendant upon his general proposition, that money paid as counsel fees

could be included in the damages sustained by the injunction, it would be necessary to send the case back, in order that the. amount paid for services directly connected with the dissolution of the injunction might be ascertained.

It is therefore necessary for us to examine the general proposition, and see whether there is ground in law for any claim of the sort made by the defendant.

Section 192, C, C. P., requires a Judge, before granting an injunction, to take from the party applying for it an undertaking to pay the party enjoined " *such damages as he may sustain by the injunction,*" &c. Previous to the adoption of the C. C. P., in 1868, the law of North Carolina did not recognize fees to counsel as any part of the costs of the suit. It gave to the attorney of the successful party a certain small fee, to be taxed with other specified costs, such as the fees of witnesses and of the Sheriff and Clerk of the Court, and collected from the unsuccessful party. The sum thus allowed was well known to be, in all except a few cases, much less than was necessary to procure professional assistance of any sort; and it was given. to the attorney and not to the party.

But beyond this, a plaintiff who prosecuted a just demand, and a defendant who repelled an unjust one, were left without. any indemnity whatever, for their necessary expenses in doing so; expenses which were always a serious deduction from a recovery, and sometimes absorbed it altogether. Every person injured in person or property, was invited to enter the Courts of law and obtain a just redress. The professed object was not to punish the wrong doer; that was done, if the wrong amounted to a crime, by a criminal proceeding, for the benefit of the public, and from which the injured individual received no advantage. The professed object of a civil suit was to redress the injured person, to indemnify him, and put him back where he was before the wrong, at the expense of the wrong doer. Yet, when the injured person had accepted the invitation of the law, and after a jury had weighed and meas-

ured the wrong done him, and carefully and exactly estimated and valued it in money, and the Court had approved the verdict, that Court was obliged to say to him : This sum which the law gives you is the exact amount to which the defendant has damaged you by his first injury ; we cannot give you one cent more than will compensate you for that ; the money which you have been compelled to pay to your counsel to do for you, what you are necessarily too ignorant to have done for yourself, must be deducted from that sum, every cent of which without deduction, we have just said is barely sufficient to compensate your injury ; you can get back no part of it ; the law does not notice any such expense as attendant on a suit in its Courts, it is *damnum absque injuria.* To the legislature of 1868 this seemed a mockery, or at best, less than full justice. · Upon that view, they enacted title XII of the Code of Civil Procedure. This act abolished all fees to attorneys ; it left every suitor free to bargain with counsel as he thought proper, but it took notice of the fact to which it would seem that a just law should not be blind, that a suitor in the prosecution of his suit necessarily incurs some expense beyond the fees of his witnesses, and of the officers of the Court, and recognized the principle, that without an indemnity from those, there could be no full reparation. So it gave to the injured party, a certain sum to be paid by the wrong doer, which it was thought in most cases would be a sufficient, though a moderate indemnity, against the necessary expense of his suit. It was thought but just, that the wrong doer who had caused the expense, should bear it, rather than the innocent party.

To avoid the labor, expense and uncertainty of investigating what would be a proper indemnity in each case, the law fixed a sum which, in the average of cases, seemed just and sufficient for the purpose ; in some few, it provided that the sum might be enlarged by the Judge. But it never allowed the amount for the purpose, to be measured by the sum which might have been actually paid by the party by his bargain with his counsel.

To have done so, would have opened a wide door for abuse. It is this sum so provided as an indemnity, which is regarded in law as damages sustained by the wrongful bringing an action, and for the wrongful suing out an order for injunction. Fees paid to counsel beyond this, can be regarded only as a gratuity, and not as the necessary expenses of a suit or defence. Before such fees can be regarded as necessary, they must be measured by the law. In this case the fees paid admittedly transcend the fixed limits, and they have not been passed on by the Court, under any rule allowing such an adjudication. The claim of the defendant is, to be allowed any sum, which in his judgment as to what was for his interest, he has paid, however unreasonable it may be. No such claim can be allowed.

The defendant is entitled to what the law has fixed as an indemnity; but he does not ask this, and has probably heretofore received it.

There is no error in the record.

PER CURIAM.                                    Judgment affirmed.