### B. F. SMITH v. AMERICAN BONDING COMPANY.

(Filed 20 November, 1912.)

**1. Attachment — Wrongful Levy—Judgment—Replevin—Limitation of Actions—Interpretation of Statutes.**

In an action to recover on the bond given by the creditor and his surety in attachment proceedings for a wrongful levy therein, the statute of limitations begins to run from the rendition of the judgment (Revisal, sec. 763), and not from the time the property was replevied, the recovery of the judgment in the former action being the condition authorizing the present suit, and a vacation of the attachment. Revisal, sec. 786.

**2. Attachment—Damages—Judgment—Probable Cause—Evidence—Instructions.**

When the debtor, in attachment proceedings, has successfully defended the suit to judgment, and brings his action to recover damages on the creditor's bond therein, the latter's requested prayer, in the present suit, that the plaintiff has failed to show probable cause, is properly denied.

**3. Attachment—Damages—Wrongful Levy—Expenses—Measure of Damages.**

In an action to recover on an attachment bond for the wrongful levy therein, damages may be awarded for the reasonable expense the plaintiff has incurred in procuring the undertaking he had given to obtain the release of the property attached.

**4. Same—Traveling Expenses—Time.**

Damages may not be recovered in an action for a wrongful levy in attachment for railroad and traveling expenses, and the value of the plaintiff's time in procuring the release of his property.

**5. Attachment — Damages — Wrongful Levy — Loss by Contract—Measure of Damages.**

One who had contracted to erect a building for another had his property seized under a wrongful levy issued in attachment

upon the material he had provided for that purpose, which he replevied in two weeks time. It was shown that he could not have secured other material in that time: *Held*, under the circumstances of this case, the debtor did not .delay unreasonably in securing the release on his property, and he was entitled to recover the damages he had thus sustained.

6. Actions — Parties — Misjoinder of Parties—Motions—Practice— Principal and Surety.

    An action will not be dismissed for a misjoinder of parties where the plaintiff is suing, in the same action, the principal and surety on an attachment bond. The remedy is by motion to have the causes divided, especially in this case, where a nonsuit has been taken as to the principal, and the further prosecution of the action is against the surety on his bond.

APPEAL by defendant from *Bragaw, J.,* at Spring Term, 1912, of PERQUIMANS.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Pruden & Pruden and P. W. McMullan for plaintiff.*
*W. M. Bond and A. F. Aydlett for defendant.*

CLARK, C. J. This is an action to recover damages alleged to have been sustained by reason of the wrongful levy of an attachment upon the property of the plaintiff in a former proceeding in which he was defendant and successfully defended the suit.

The plea of the statute of limitations cannot be sustained. Though the property seized under the attachment was released upon the execution of the defendant's undertaking more than three years before the beginning of this action, the "recovery of judgment by the defendant," which was the condition authorizing suit upon the undertaking (Revisal, 763) given by the plaintiff in procuring the attachment, took place less than two years before the institution of this action. Such recovery of judgment in the former action was a "vacation of the attachment ordered by the court." Revisal, 786. In view of the rendition of such former judgment, the judge properly refused to charge the jury that the plaintiff had failed to show probable cause.

The items of damages allowed and excepted to are four:

1. Sixty dollars, which was the amount the plaintiff paid for procuring the undertaking given by him to procure the release of the property attached. In the absence of evidence that it was excessive or unreasonable, it was properly allowed as damages. We cannot agree with the defendant that it should have been taxed as costs in the former judgment. It was no part of the court proceeding, but was a proper item of damages in an action upon the bond of the plaintiff in the attachment.

The second item, allowing the plaintiff $20.60 for railroad fare and berth and board on trip attending to the release of the attached property, and the third item of $25, for value of his time in so doing, cannot be allowed. Every litigant necessarily incurs some expenses beyond the fees of his witnesses and of the officers of the court. But for these personal expenses and his time he cannot be allowed compensation, for it would open the door to great abuses, and would often result in oppression. *Hyman v. Devereux,* 65 N. C., 588; *Midgett v. Vann,* 158 N. C., 128.

The only other item is $300, which the plaintiff was required to pay as penalties by reason of the delay in the execution of another contract for building caused by the attachment of his property which he was using in the execution of such other contract. The property was attached on 25 March and the undertaking to secure the release thereof from the attachment was filed on 8 April. The evidence is that there was no unreasonable delay in executing the undertaking to secure the release of the property and that he could not have purchased new material and had it shipped in less time. Such damage was within the purview of the bond, even under *Sledge v. Reid,* 73 N. C., 440.

The defendant contends that it was a misjoinder to join a cause of action against the principal for wrongfully suing out an attachment and an action against the surety upon the undertaking given by the plaintiff. *R. R. v. Hardware Co.,* 143 N. C., 56. But, as it was pointed out in that case, this would not entitle the defendant in this action to have it dismissed, but only to have the action divided, and as a nonsuit has already been

taken as to the principal, there is no ground of objection to proceeding in this action, which is now against the surety only.

The judgment will be modified by striking out $45.60 as above pointed out. The judgment is therefore

Modified and affirmed.