## BRYAN v. CLEVELAND SAND & GRAVEL CO.

### No. 3645.

Court of Civil Appeals of Texas. Beaumont.

April 20, 1940.

Rehearing Denied May 1, 1940.

R. J. Dillard, of Cleveland, for appellant.

R. E. Biggs, of Liberty, for appellee.

COMBS, Justice.

Appellant Bryan brought this suit against appellee, Cleveland Sand & Gravel Company, a private corporation incorporated under the laws of Texas. Briefly stated, plaintiff alleged that he was one of the incorporators and stockholders of the defendant company; that for a time he acted as its manager and general superintendent, and he resigned because of difficulties with the directors. He alleged that he was entitled to 20 shares of the capital stock with par value of $500 each, and that the board of directors had refused to issue such

stock to him. He sought judgment for $675 for services rendered and for the value of 20 shares of the corporate stock owned by him, with a par value of $500 each, which he alleged the directors had converted, or in the alternative judgment compelling the directors to issue certificate for the 20 shares of capital stock. After the defendant filed its answer, appellant, as plaintiff, filed a plea in abatement seeking to have the answer stricken on the ground that the Secretary of State had forfeited the right of the defendant to do business in Texas for failure to pay its franchise tax. He attached to the motion certified copies of the order of forfeiture.

On a trial to the court without a jury, the trial judge denied plaintiff's prayer for a money judgment, but ordered the directors of the defendant company to issue certificates for 10 shares of the capital stock of the defendant company to the plaintiff. From that judgment the plaintiff has appealed.

### Opinion.

We think the judgment of the trial court should be affirmed. The trial judge heard all of the evidence, and his judgment denying appellant recovery of a money judgment, but ordering certificates for 10 shares of the capital stock to be issued to him, instead of the 20 shares he sought, has ample support in the evidence.

We overrule appellant's contention that the defendant company was denied the right to make any defense to his suit by reason of the fact that its right to do business had been forfeited for failure to pay the franchise tax. Vernon's Ann. Civ.St. art. 7091 denies to a corporation, whose right to do business has been forfeited by the Secretary of State for failure to pay franchise tax, the right to any affirmative relief in the courts of Texas, either as a party plaintiff or by way of a cross-action in a suit wherein it has been made a defendant. We do not understand our courts to hold that such a corporation cannot interpose a defense purely negative in character against a suit brought against it, grounded upon matters which arose during the time it was lawfully engaged in business. That is to say, the plaintiff in such case is still under the duty of establishing his cause of action, and the corporate defendant may, as in the instant case, offer proof which negatives the plaintiff's case. Real Estate-Land

Title & Trust Company v. Dildy, Tex.Civ. App., 92 S.W.2d 318. Writ refused.

The judgment of the lower court is affirmed.

Affirmed.