

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-073-CV

ANOCO MARINE INDUSTRIAL, INC.                                  APPELLANT
A/K/A ANOCO MARINE
INDUSTRIES, INC.

V.

PATTON PRODUCTION
CORPORATION AND J.L. PATTON, JR.                         APPELLEES

------------

## FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

This is an appeal from a declaratory judgment action in which Appellees

Patton Production Corporation and J.L. Patton, Jr. ("Patton") sought and

obtained a declaration that a promissory note Patton had made in favor of

Appellant Anoco Marine Industrial, Inc. had been paid in full.  In two issues,

---

[1] *See* TEX. R. APP. P. 47.4.

Anoco argues (1) that the trial court abused its discretion by allowing its counsel to withdraw before trial because the motion to withdraw did not comply with rule 10 and (2) that the evidence is legally insufficient to establish that the note had been paid in full. We affirm.

## Background

Patton made a promissory note payable to Anoco and secured by Patton's interests in four gas wells. The parties also entered into a "Confidential Banker/Purchaser Agreement," under the terms of which Patton assigned an overriding royalty interest in the four wells to Anoco. The agreement provided that when the promissory note had been paid by the overriding royalty distributions, Anoco would reassign the overriding royalty interests to Patton. Patton sued Anoco, alleging that the promissory note had been paid in full but that Anoco refused to return the overriding royalty interests.

Anoco retained counsel and filed an answer. The case was set for trial on November 12, 2007. On September 27, 2007, Anoco's counsel filed a motion to withdraw, citing as cause irreconcilable differences between Anoco and him. The trial court granted the motion on November 2, 2007,[2] and later reset the case for trial on December 12, 2007.

---

[2] No written order appears in the record, but the docket sheet shows that the trial court granted the motion.

2

The case was tried to the trial court on December 12.  Anoco was not represented by counsel at trial.  After hearing evidence from Patton, the trial court granted a declaratory judgment in Patton's favor, declaring, among other things, that all sums owed under the promissory note had been paid.  Anoco retained new counsel and filed this appeal.

**Motion to Withdraw**

Anoco argues that the trial court abused its discretion by granting its former counsel's motion to withdraw because the motion did not contain a statement that Anoco had been notified in writing of its right to object to the motion and a statement of whether Anoco had consented to the motion as required by rule 10.  Patton concedes that the motion was defective but argues that any error in granting the motion was harmless because Anoco had ample time to retain new counsel before trial.

An attorney may withdraw from representing a party only upon written motion for good cause shown.  TEX. R. CIV. P. 10.  If another attorney is not to be substituted as attorney for the party, the motion shall state (1) that a copy of the motion has been delivered to the party, (2) that the party has been notified in writing of his right to object to the motion, (3) whether the party consents to the motion, (4) the party's last known address, and (5) all pending settings and deadlines.  *Id.*  The motion in this case did not state the second

3

and third rule 10 elements.  A trial court abuses its discretion when it grants a motion to withdraw that does not comply with the mandatory requirements of rule 10.  *Gillie v. Boulas*, 65 S.W.3d 219, 221 (Tex. App.—Dallas 2001, pet. denied); *Williams v. Bank One, Tex., N.A.*, 15 S.W.3d 110, 113 (Tex. App.—Waco 1999, no pet.).

However, such error may be harmless if the court allows the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial.  *Gillie*, 65 S.W.3d at 221; *Walton v. Canon, Short & Gaston*, 23 S.W.3d 143, 149 (Tex. App.—El Paso 2000, no pet.); *Williams*, 15 S.W.3d at 115.  In *Gillie*, the trial court granted a defective motion to withdraw and, in the order granting the motion, also removed the case from its then-current trial setting "for a reasonable time for Plaintiff to obtain new counsel."  65 S.W.3d at 222.  The trial court tried the case almost four months after the original setting, and the court of appeals held that the length of the continuance rendered harmless the trial court's error in granting the motion.  *Id.*  Likewise, in *Walton*, the El Paso court held that a delay in trial of fifty days rendered harmless any error arising from the trial court's granting a defective motion to withdraw.  23 S.W.3d at 148–49.  In *Williams*, the Waco court held that a delay in trial of forty-two days rendered such error harmless.  15 S.W.3d at 114.

4

In this case, the trial setting was postponed for thirty days after the trial court granted the defective motion to withdraw.[3] While this was less than the four months', fifty days', and forty-two days' postponements in the cases cited above, we cannot say that it was not enough time for Anoco to secure new counsel to investigate the case and prepare for trial. Factoring into our decision is the relatively simple nature of the case and the facts involved. We also note that it appears from the record that Anoco's owner is an attorney, though not licensed to practice in Texas, and that he attempted to represent Anoco at trial but was not allowed to do so. *See*, *e.g.*, *Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996) (per curiam) (noting that a corporation may be represented only by a licensed attorney).

We hold that the trial court abused its discretion by granting a motion to withdraw that did not comply with rule 10, but we further hold that the thirty-day postponement in the trial setting gave Anoco ample time to retain new counsel; thus, the error was harmless. We overrule Anoco's first issue.

---

[3] Patton argues that Anoco had over seventy days to retain new counsel, counting from the date its former counsel filed the motion to withdraw. But the cases cited above count the days that the trial was postponed following the granting of the motion to withdraw, not the days between the motion's filing and trial, and we will do likewise.

5

**Sufficiency of the Evidence**[4]

Anoco argues that the evidence is legally insufficient to show that the promissory note had been paid in full because one of Patton's trial exhibits—a transaction report concerning the note—shows a balance due of $2,778.01 on December 25, 2005. But in addition to the exhibit in question, Patton testified that the note had been paid in full, and another exhibit comprising the well operator's records of production and payment indicate that the operator continued to make royalty payments after December 2005. Applying the appropriate standard of review,[5] we hold that Patton presented more than a

---

[4] Patton argues that Anoco cannot challenge the sufficiency of the evidence because Anoco forfeited its corporate existence by failing to pay the franchise tax. Patton presented at trial certified records from the Secretary of State showing that Anoco had forfeited its corporate existence. Section 171.252 of the tax code provides that if the corporate privileges of a corporation are forfeited for failure to pay the franchise tax, the corporation shall be denied the right to sue or defend in a court of this state. TEX. TAX CODE ANN. § 171.252 (Vernon 2008). But despite its clear language, courts have historically limited the statute to prohibit defendants from bringing cross actions, not from merely defending lawsuits. *See Midwest Mech. Contractors, Inc. v. Commonwealth Const. Co.*, 801 F.2d 748, 752 (5th Cir. 1986); *Bryan v. Cleveland Sand & Gravel Co.*, 139 S.W.2d 612, 613 (Tex. Civ. App.—Beaumont 1940, writ ref'd). Patton cites no authority for the proposition that a forfeited corporation cannot challenge the sufficiency of the evidence in an appeal from an adverse judgment. Therefore, we will address Anoco's sufficiency issue on the merits.

[5] *See City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005); *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998), *cert. denied*, 526 U.S. 1040 (1999) (both setting out legal sufficiency standard

6

scintilla of evidence to show that the note was paid in full.  We overrule

Anoco's second issue.

## Conclusion

Having overruled both of Anoco's issues, we affirm the trial court's

judgment.

PER CURIAM

PANEL: GARDNER, LIVINGSTON, and DAUPHINOT, JJ.

DELIVERED:  August 29, 2008

---

of review).

7