COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-104-CV

 

 

THE PROFITLIVE
PARTNERSHIP                                                   APPELLANTS

AND
PROFITLIVE, INC.

 

                                                             V.

 

CHERYL M. SURBER AND                                                                 APPELLEES

JOHNSON
PROPERTY INVESTMENTS, INC.

 

                                                       ------------

 

               FROM
THE 17TH DISTRICT COURT OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

I. 
Introduction

Appellants
The Profitlive Partnership and Profitlive, Inc. (collectively, Profitlive)
appeal the trial court=s summary judgment for
appellees Cheryl M. Surber and Johnson Property Investments, Inc. (JPI) on
their claims of common law fraud and conspiracy.  We affirm in part and reverse and remand in
part.








II. 
Factual and Procedural Background

Profitlive
operated Creative Real Estate Workshops (CREW) in the Dallas‑Fort Worth
area.  In May 2001, after listening to a
radio broadcast, attending several CREW workshops, and meeting with Profitlive=s
president, Dan Franklin, Surber invested $100,000 on behalf of JPI in exchange
for a 10% ownership interest in Profitlive. 
Four months later, Profitlive was no longer operating, and JPI had
realized only a dismal return on its investment.  Surber and JPI sued Profitlive for common law
fraud and conspiracy. 

During
the discovery period, Surber and JPI served requests for admissions on
Profitlive.  Profitlive did not respond
to the requests for admissions; consequently, pursuant to Texas Rule of Civil
Procedure 198.2(c), the requests were deemed admitted by Profitlive.[2]  Thereafter, Surber and JPI jointly filed a
motion for summary judgment supported primarily by the deemed admissions and
affidavit testimony by Surber. 
Profitlive did not respond to the motion.  The trial court granted Surber and JPI=s
motion and rendered summary judgment awarding them nearly $700,000 in actual
and exemplary damages with interest.








Profitlive
appealed to this court.  See Profitlive
P=ship
v. Surber (Profitlive I), 248 S.W.3d 259 (Tex. App.CFort
Worth 2007, no pet.).  We held that the
summary judgment evidence presented by Surber and JPI raised a material issue
of fact regarding the amount of damages they suffered as a result of Profitlive=s
conduct.  Id. at 261B62.  Accordingly, we reversed the entire summary
judgment and remanded the case for a new trial on both liability and
damages.  Id. at 262.

On
remand, Surber and JPI jointly filed an amended motion for summary judgment.  This motion was supported by the same deemed
admissions that they relied upon in their earlier motion, as well as a new
Surber affidavit, affidavits by two additional witnesses, portions of three
depositions, and other summary judgment evidence.  In their amended motion, Surber and JPI
argued that the summary judgment evidence presented no material issue of fact
and that they are entitled to judgment as a matter of law on their common law
fraud and civil conspiracy claims.  JPI
sought $1,385,127.92 in actual damages and $200,000 in exemplary damages, plus
interest.  Surber sought $250,000 in
actual damages, plus interest. 








Profitlive
opposed summary judgment and moved to strike the deemed admissions.  Surber and JPI stated in their reply to
Profitlive=s
response that Profitlive, Inc. had forfeited its charter and was Aineligible
to appear and defend in this case.@  After a hearing,[3]
the trial court denied Profitlive=s
motion to strike the deemed admissions and granted final judgment on Surber and
JPI=s
amended summary judgment motion.  In its
final judgment, the court found that Profitlive Partnership and Profitlive,
Inc. Aare
without standing to appear to defend in the instant action and that the Motion
for Summary Judgment should be, and hereby is, granted@ and
awarded Surber and JPI the damages requested in their amended motion. 

Profitlive
filed a motion for new trial challenging the trial court=s
summary judgment.  Profitlive did not
separately challenge the trial court=s
order denying its motion to strike deemed admissions.  Surber and JPI opposed Profitlive=s motion
for new trial and jointly moved to enforce a 2003 trial court order sanctioning
Profitlive in the amount of $8,999.21 for earlier discovery abuses. The trial
court denied Profitlive=s motion for new trial and
did not rule on Surber and JPI=s
motion to enforce sanctions.  Profitlive
appeals from the trial court=s
summary judgment on Surber and JPI=s
common law fraud and civil conspiracy claims. 


III. Summary Judgment

In
two issues, Profitlive argues that the trial court erred by granting summary
judgment against it based on the lapse of Profitlive, Inc.=s
corporate charter and because Surber=s
affidavit is insufficient as a matter of law as to any damages. 

A.  Standard of Review








We
review a summary judgment de novo.  Mann
Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848
(Tex. 2009).  We consider the evidence
presented in the light most favorable to the nonmovant, crediting evidence
favorable to the nonmovant if reasonable jurors could, and disregarding
evidence contrary to the nonmovant unless reasonable jurors could not.  Id. 
We indulge every reasonable inference and resolve any doubts in the
nonmovant=s
favor.  20801, Inc. v. Parker, 249
S.W.3d 392, 399 (Tex. 2008).  A plaintiff
is entitled to summary judgment on a cause of action if it conclusively proves
all essential elements of the claim.  See
Tex. R. Civ. P. 166a(a), (c); MMP, Ltd. v. Jones, 710 S.W.2d 59, 60
(Tex. 1986).

B.  Standing

In
its first issue, Profitlive challenges the trial court=s
order granting summary judgment on the basis that the order rests on the trial
court=s
erroneous finding that it was without standing to appear and defend in this
case.  Profitlive specifically argues
that the finding that it lacked standing is not supported by the record.  Surber and JPI respond that, although
Profitlive challenges summary judgment based on lack of standing, the judgment
itself rested on other grounds presented in the motion that Profitlive does not
challengeCthat
there is no genuine issue of material fact as to Profitlive=s
liability and that Surber and JPI are entitled to judgment as a matter of law. 

The
trial court=s
final judgment reads:

The
Court heard arguments, and was presented by both parties with legal citations,
as well as the pertinent portions of the record, to include, inter alia,
Requests for Admissions and the absence of responses to those Requests.  The Court was also presented with affidavits
in support of the Motion, and the arguments of both parties, as set forth in
their written submissions.  The Court was
also presented with records of the Texas Office of the Secretary of State,
reflecting that the corporate charter of ProfitLive [sic], Inc. has been
allowed to lapse, and no action has been taken to reinstate that Charter.








Having
heard the arguments of counsel, and having considered the authorities presented
by both sides, the Court does hereby find and conclude that Defendants
[Profitlive, Inc. and The Profitlive Partnership] are without standing to
appear to defend in the instant action and that the Motion for Summary
Judgment should be, and hereby is, granted. 
[Emphasis added.]

Based upon a plain reading,
the trial court=s final judgment does not
rest solely on the ground that Profitlive lacks standing.  Although the judgment states that the
Profitlive defendants Aare without standing,@ it
also states that summary judgment Ashould
be, and hereby is, granted@
without specifying the grounds upon which judgment rests.








When
the trial court=s judgment rests upon more
than one independent ground or defense, the aggrieved party must assign error
to each ground, or the judgment will be affirmed on the ground to which no
complaint is made.  Scott v. Galusha,
890 S.W.2d 945, 948 (Tex. App.CFort
Worth 1994, writ denied). Looking to the theories presented to the trial court
by Surber and JPI, the principal argument they advance in their amended motion
is that the summary judgment evidence establishes that no material issue of
fact exists and that they are entitled to judgment as a matter of law.  Profitlive fails to assign error based on
this ground, even though it is the principal ground on which Surber and JPI
moved for summary judgment.  We will,
therefore, affirm the summary judgment based on the ground to which Profitlive
failed to assign error.[4]  See id.; see also Pat Baker Co.,
Inc. v. Wilson, 971 S.W.2d 447, 450 (Tex. 1998) (AIt
is axiomatic that an appellate court cannot reverse a trial court=s
judgment absent properly assigned error.@); Torres
v. Johnson, 91 S.W.3d 905, 908 n.3 (Tex. App.CFort
Worth 2002, no pet.) (affirming summary judgment on unchallenged ground); King
v. Tex. Employers= Ins. Ass=n,
716 S.W.2d 181, 182B83 (Tex. App.CFort
Worth 1986, no writ) (affirming summary judgment Abecause
summary judgment may have been granted, properly or improperly,@ on
the ground set out in the motion, and the appellant did not challenge that
ground).  We overrule Profitlive=s
first issue.[5]








C.  Surber=s
Affidavit

In
its second issue, Profitlive argues Surber=s
affidavit was insufficient as a matter of law to support damages because, among
other things, it fails to lay any predicate as to how Surber=s
common law fraud and civil conspiracy claims would support an award of lost
wages or how Surber=s education, work history,
or other evidence supports Surber=s
claimed value of her time.








Surber
and JPI=s
motion for summary judgment seeks judgment as a matter of law on their common
law fraud and civil conspiracy claims.[6]  Their motion seeks an award of actual damages
to Surber based solely upon her Alost
time and earnings during the within litigation, which totals in excess of
$250,000.@  In support of her claimed Alost
time and earnings,@ Surber submits affidavit
testimony in which she states what she Awould
have been able to earn as a consultant or in other like employment, as a result
of [her] M.B.A. degree, . . . but for the necessity of
devoting [her] time and attention to pursuing [her] rights and those of [JPI].@  Surber estimates the value of her time to be
$50 per hour based on her experience, states that she has spent in excess of
5,000 hours Ainvestigating
and pursuing this case,@ and states that this
litigation has prevented her from obtaining employment in which she would have
earned $250,000.  The trial court entered
judgment for Surber in the amount of $250,000 for actual damages Aas
set forth in the Motion@ for summary judgment.








Surber=s
claimed actual damages Ain the form of lost time and
earnings during the within litigation@ are
based upon her claimed financial loss due to the time she spent on litigation
matters instead of income-producing activities. 
Accordingly, these damages are a category of litigation expenses.  But litigation expenses, including the value
of time lost due to litigation, generally are not recoverable unless expressly
provided by statute or contract or recoverable under equitable principles.  See Eberts v. Businesspeople Pers. Servs.,
Inc., 620 S.W.2d 861, 863 (Tex. Civ. App.CDallas
1981, no writ) (holding lost earnings due to time spent on litigation by
plaintiff=s
president and other employees are not recoverable); Shenandoah Assocs. v. J
& K Props., Inc., 741 S.W.2d 470, 486B87
(Tex. App.CDallas
1987, writ denied) (holding expenses of litigation, including Alitigant=s
loss of time and that of his employees,@ not
recoverable as costs or damages); see also Beasley v. Peters, 870 S.W.2d
191, 196 (Tex. App.CAmarillo 1994, no writ) (A[I]t
is settled that time lost [due to litigation] 
is an expense of litigation for which recovery is not allowed.@); Brandtjen
& Kluge v. Manney, 238 S.W.2d 609, 612 (Tex. Civ. App.CFort
Worth 1951, writ ref=d n.r.e.) (AThe
general policy of the Texas law appears to be that parties to a suit are not
allowed recovery, either as costs of suit or as damages, for expenses incurred
in prosecuting or defending the suit, such as attorney=s
fees, traveling expenses, etc., unless recovery for such items is expressly provided
for by statute, or is recoverable under usages of equity.@).

Surber
has failed to identify any statute or contract that provides for the recovery
of the value of her lost time and earnings as damages on her common law fraud
and civil conspiracy claims. 
Accordingly, we hold that neither the affidavit nor her other summary
judgment evidence supports the trial court=s
actual damages award of $250,000 to Surber. 








To
be entitled to summary judgment, Surber was required to establish each element
of her causes of action as a matter of law. 
See Profitlive I, 248 S.W.3d at 260B61.  The elements of common law fraud are (1) a
material representation, (2) that is false, (3) which was either known to be
false when made or was made recklessly without knowledge of its truth, (4) with
the intent that the representation be relied upon, (5) that it was relied upon,
and (6) which caused injury.  Johnson
& Johnson Med., Inc. v. Sanchez, 924 S.W.2d 925, 929B30
(Tex. 1996); Malone v. Sewell, 168 S.W.3d 243, 252 (Tex. App.CFort
Worth 2005, pet. denied).  The elements
of civil conspiracy are: (1) two or more persons, (2) an object to be
accomplished, (3) a meeting of the minds on the object or course of action, (4)
one or more unlawful, overt acts, and (5) damages as a proximate result.  Tri v. J.T.T., 162 S.W.3d 552, 556
(Tex. 2005).  Because we have held that
summary judgment evidence does not support Surber=s
damages, Surber has failed to conclusively establish that she is entitled to
summary judgment on all essential elements of her causes of action.  See, e.g., Profitlive I, 248
S.W.3d at 262.  Accordingly, we sustain
this portion of Profitlive=s
second issue, and we must reverse this portion of the trial court=s
judgment.[7]  See MMP, Ltd., 710 S.W.2d at 60.

IV. 
Conclusion

Having
overruled Profitlive=s first issue, we affirm the
portion of the judgment granting summary judgment on JPI=s
claims.  Having sustained the portion of
Profitlive=s
second issue challenging Surber=s
damages award, we reverse the portion of the judgment granting summary judgment
on Surber=s
claims and remand the cause to the trial court for a new trial on those claims.[8]

 

 

BOB MCCOY

JUSTICE

 

PANEL:
DAUPHINOT, WALKER, and MCCOY, JJ.

 

DELIVERED:
May 20, 2010











[1]See Tex. R. App. P.
47.4.





[2]See Tex. R. Civ. P. 198.2(a)
(providing that a party must respond to requests for admissions within thirty
days); see also Tex. R. Civ. P. 198.2(c) (AIf a response is not
timely served, the request is considered admitted without the necessity of a
court order.@).





[3]No record of the
hearing is before us.





[4]We note that these
two conclusions appear to be mutually exclusive, i.e., if Profitlive lacked
standing, then there could be no judgment. 
But because the trial court granted summary judgment in addition to
finding no standing, even if erroneously, Profitlive was required to challenge
the other ground in the motion for summary judgment.





[5]Furthermore, we note
that although tax code section 171.251 provides that a corporation forfeits its
corporate privileges if it fails to pay its franchise tax and section 171.252
provides that A[i]f the corporate
privileges of a corporation are forfeited . . . the corporation
shall be denied the right to sue or defend in a court of this state,@ courts have
historically limited section 171.252 to prohibit defendants from bringing cross
actions, not from merely defending lawsuits. 
See Tex. Tax Code. Ann. '' 171.251B.252 (Vernon 2008); see
also Midwest Mech. Contractors, Inc. v. Commonwealth Constr. Co., 801 F.2d
748, 752 (5th Cir. 1986); Anoco Marine Indus., Inc. v. Patton Prod. Corp.,
No. 02‑08‑00073‑CV, 2008 WL 4052927, at *2 n.4 (Tex. App.CFort Worth Aug. 29,
2008, no pet.) (mem. op.); Bryan v. Cleveland Sand & Gravel Co., 139
S.W.2d 612, 613 (Tex. Civ. App.CBeaumont 1940, writ
ref=d).  Nothing in sections 171.251 or 171.252
purports explicitly to reduce the power of a Texas court over any person,
thing, or cause of action that falls within the court=s jurisdiction absent
that statute.  See, e.g., Flameout
Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830,
838B39 (Tex. App.CHouston [1st Dist.]
1999, no pet.) (stating that the purpose of section 171.251 is to enforce
collection of state franchise taxes, not to prohibit a corporate cause of
action); Hardwick v. Austin Gallery of Oriental Rugs, Inc., 779 S.W.2d
438, 441 (Tex. App.CAustin 1989, writ
denied) (noting that A[i]f the statute deprived
the court of jurisdiction to hear and determine the case, then the court would
be powerless to render judgment against a corporation whose corporate
privileges had been forfeited by the Comptroller@), superseded on
other grounds by statute as stated in Bair Chase Prop. Co., L.L.C. v. S & K
Dev. Co., 260 S.W.3d 133 (Tex. App.CAustin 2008, pet. denied); see also Cruse
v. O=Quinn, 273 S.W.3d 766, 770B71 (Tex. App.CHouston [14th Dist.]
2008, pet. denied) (citing Vanscot Concrete Co. v. Bailey, 853 S.W.2d
525, 526B27 (Tex. 1993), for
the proposition that a corporation that had ceased to exist could still appeal
a trial court=s judgment against
it).  During the pendency of this appeal,
Surber and JPI filed a motion to supplement their brief to elaborate on
standingCin light of our
discussion above, we deny that motion.





[6]We have supplemented
the appellate record to include Surber and JPI=s live pleading
against Profitlive, and the pleading shows that these are the only two claims
they bring against Profitlive.





[7]Based on our
resolution, we need not address Profitlive=s remaining arguments under this issue.  See Tex. R. App. P. 47.1.  We note that although Profitlive mentions
that Surber and JPI relied on Athe same deemed,
merits-preclusive admissions@ for the remaining
damages, it has provided no briefing on this issue.  See Weaver v. Sw. Nat=l Bank, 813 S.W.2d 481, 482
(Tex. 1991); see also Tex. R. App. P. 38.1(f), (i).





[8]Surber and JPI
separately move that we dismiss this appeal or, in the alternative, compel
Profitlive to pay sanctions as a condition to appeal based upon conduct by
Profitlive that Surber and JPI characterize as contumacious, including
Profitlive=s past discovery
abuses and failure to comply with the trial court=s earlier sanctions
orders.  We deny this motion without
comment on the merits of imposition or enforcement of sanctions by the trial
court.