

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 2-09-104-CV**

THE PROFITLIVE PARTNERSHIP                                    APPELLANTS
AND PROFITLIVE, INC.

V.

CHERYL M. SURBER AND                                              APPELLEES
JOHNSON PROPERTY INVESTMENTS, INC.

------------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

------------

# MEMORANDUM OPINION[1]

------------

## I. Introduction

Appellants The Profitlive Partnership and Profitlive, Inc. (collectively, Profitlive) appeal the trial court's summary judgment for appellees Cheryl M. Surber and Johnson Property Investments, Inc. (JPI) on their claims of common law fraud and conspiracy. We affirm in part and reverse and remand in part.

---

[1] *See* Tex. R. App. P. 47.4.

## II.  Factual and Procedural Background

Profitlive operated Creative Real Estate Workshops (CREW) in the Dallas-Fort Worth area.  In May 2001, after listening to a radio broadcast, attending several CREW workshops, and meeting with Profitlive's president, Dan Franklin, Surber invested $100,000 on behalf of JPI in exchange for a 10% ownership interest in Profitlive.  Four months later, Profitlive was no longer operating, and JPI had realized only a dismal return on its investment.  Surber and JPI sued Profitlive for common law fraud and conspiracy.

During the discovery period, Surber and JPI served requests for admissions on Profitlive.  Profitlive did not respond to the requests for admissions; consequently, pursuant to Texas Rule of Civil Procedure 198.2(c), the requests were deemed admitted by Profitlive.[2]  Thereafter, Surber and JPI jointly filed a motion for summary judgment supported primarily by the deemed admissions and affidavit testimony by Surber.  Profitlive did not respond to the motion.  The trial court granted Surber and JPI's motion and rendered summary judgment awarding them nearly $700,000 in actual and exemplary damages with interest.

Profitlive appealed to this court.  *See Profitlive P'ship v. Surber* (*Profitlive I*), 248 S.W.3d 259 (Tex. App.—Fort Worth 2007, no pet.).  We held that the summary

---

[2]  *See* Tex. R. Civ. P. 198.2(a) (providing that a party must respond to requests for admissions within thirty days); *see also* Tex. R. Civ. P. 198.2(c) ("If a response is not timely served, the request is considered admitted without the necessity of a court order.").

judgment evidence presented by Surber and JPI raised a material issue of fact regarding the amount of damages they suffered as a result of Profitlive's conduct. *Id*. at 261–62. Accordingly, we reversed the entire summary judgment and remanded the case for a new trial on both liability and damages. *Id.* at 262.

On remand, Surber and JPI jointly filed an amended motion for summary judgment. This motion was supported by the same deemed admissions that they relied upon in their earlier motion, as well as a new Surber affidavit, affidavits by two additional witnesses, portions of three depositions, and other summary judgment evidence. In their amended motion, Surber and JPI argued that the summary judgment evidence presented no material issue of fact and that they are entitled to judgment as a matter of law on their common law fraud and civil conspiracy claims. JPI sought $1,385,127.92 in actual damages and $200,000 in exemplary damages, plus interest. Surber sought $250,000 in actual damages, plus interest.

Profitlive opposed summary judgment and moved to strike the deemed admissions. Surber and JPI stated in their reply to Profitlive's response that Profitlive, Inc. had forfeited its charter and was "ineligible to appear and defend in this case." After a hearing,[3] the trial court denied Profitlive's motion to strike the deemed admissions and granted final judgment on Surber and JPI's amended summary judgment motion. In its final judgment, the court found that Profitlive Partnership and Profitlive, Inc. "are without standing to appear to defend in the

---

[3] No record of the hearing is before us.

instant action and that the Motion for Summary Judgment should be, and hereby is, granted" and awarded Surber and JPI the damages requested in their amended motion.

Profitlive filed a motion for new trial challenging the trial court's summary judgment. Profitlive did not separately challenge the trial court's order denying its motion to strike deemed admissions. Surber and JPI opposed Profitlive's motion for new trial and jointly moved to enforce a 2003 trial court order sanctioning Profitlive in the amount of $8,999.21 for earlier discovery abuses. The trial court denied Profitlive's motion for new trial and did not rule on Surber and JPI's motion to enforce sanctions. Profitlive appeals from the trial court's summary judgment on Surber and JPI's common law fraud and civil conspiracy claims.

## III. Summary Judgment

In two issues, Profitlive argues that the trial court erred by granting summary judgment against it based on the lapse of Profitlive, Inc.'s corporate charter and because Surber's affidavit is insufficient as a matter of law as to any damages.

### A. Standard of Review

We review a summary judgment de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Id.* We indulge every

4

reasonable inference and resolve any doubts in the nonmovant's favor.  *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008).  A plaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential elements of the claim.  *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986).

## B.  Standing

In its first issue, Profitlive challenges the trial court's order granting summary judgment on the basis that the order rests on the trial court's erroneous finding that it was without standing to appear and defend in this case.  Profitlive specifically argues that the finding that it lacked standing is not supported by the record.  Surber and JPI respond that, although Profitlive challenges summary judgment based on lack of standing, the judgment itself rested on other grounds presented in the motion that Profitlive does not challenge—that there is no genuine issue of material fact as to Profitlive's liability and that Surber and JPI are entitled to judgment as a matter of law.

The trial court's final judgment reads:

The Court heard arguments, and was presented by both parties with legal citations, as well as the pertinent portions of the record, to include, *inter alia*, Requests for Admissions and the absence of responses to those Requests.  The Court was also presented with affidavits in support of the Motion, and the arguments of both parties, as set forth in their written submissions.  The Court was also presented with records of the Texas Office of the Secretary of State, reflecting that the corporate charter of ProfitLive [sic], Inc. has been allowed to lapse, and no action has been taken to reinstate that Charter.

5

Having heard the arguments of counsel, and having considered the authorities presented by both sides, *the Court does hereby find and conclude* that Defendants [Profitlive, Inc. and The Profitlive Partnership] are without standing to appear to defend in the instant action and *that the Motion for Summary Judgment should be, and hereby is, granted*. [Emphasis added.]

Based upon a plain reading, the trial court's final judgment does not rest solely on the ground that Profitlive lacks standing. Although the judgment states that the Profitlive defendants "are without standing," it also states that summary judgment "should be, and hereby is, granted" without specifying the grounds upon which judgment rests.

When the trial court's judgment rests upon more than one independent ground or defense, the aggrieved party must assign error to each ground, or the judgment will be affirmed on the ground to which no complaint is made. *Scott v. Galusha*, 890 S.W.2d 945, 948 (Tex. App.—Fort Worth 1994, writ denied). Looking to the theories presented to the trial court by Surber and JPI, the principal argument they advance in their amended motion is that the summary judgment evidence establishes that no material issue of fact exists and that they are entitled to judgment as a matter of law. Profitlive fails to assign error based on this ground, even though it is the principal ground on which Surber and JPI moved for summary judgment. We will, therefore, affirm the summary judgment based on the ground to which Profitlive failed to assign error.[4] *See id.*; *see also Pat Baker Co., Inc. v. Wilson*, 971 S.W.2d 447, 450 (Tex.

---

[4] We note that these two conclusions appear to be mutually exclusive, i.e., if Profitlive lacked standing, then there could be no judgment. But because the trial court granted summary judgment in addition to finding no standing, even if

1998) ("It is axiomatic that an appellate court cannot reverse a trial court's judgment absent properly assigned error."); *Torres v. Johnson*, 91 S.W.3d 905, 908 n.3 (Tex. App.—Fort Worth 2002, no pet.) (affirming summary judgment on unchallenged ground); *King v. Tex. Employers' Ins. Ass'n*, 716 S.W.2d 181, 182–83 (Tex. App.—Fort Worth 1986, no writ) (affirming summary judgment "because summary judgment may have been granted, properly or improperly," on the ground set out in the motion, and the appellant did not challenge that ground). We overrule Profitlive's first issue.[5]

---

erroneously, Profitlive was required to challenge the other ground in the motion for summary judgment.

[5] Furthermore, we note that although tax code section 171.251 provides that a corporation forfeits its corporate privileges if it fails to pay its franchise tax and section 171.252 provides that "[i]f the corporate privileges of a corporation are forfeited . . . the corporation shall be denied the right to sue or defend in a court of this state," courts have historically limited section 171.252 to prohibit defendants from bringing cross actions, not from merely defending lawsuits. *See* Tex. Tax Code. Ann. §§ 171.251–.252 (Vernon 2008); *see also Midwest Mech. Contractors, Inc. v. Commonwealth Constr. Co.*, 801 F.2d 748, 752 (5th Cir. 1986); *Anoco Marine Indus., Inc. v. Patton Prod. Corp.*, No. 02-08-00073-CV, 2008 WL 4052927, at *2 n.4 (Tex. App.—Fort Worth Aug. 29, 2008, no pet.) (mem. op.); *Bryan v. Cleveland Sand & Gravel Co.*, 139 S.W.2d 612, 613 (Tex. Civ. App.—Beaumont 1940, writ ref'd). Nothing in sections 171.251 or 171.252 purports explicitly to reduce the power of a Texas court over any person, thing, or cause of action that falls within the court's jurisdiction absent that statute. *See, e.g., Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.*, 994 S.W.2d 830, 838–39 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (stating that the purpose of section 171.251 is to enforce collection of state franchise taxes, not to prohibit a corporate cause of action); *Hardwick v. Austin Gallery of Oriental Rugs, Inc.*, 779 S.W.2d 438, 441 (Tex. App.—Austin 1989, writ denied) (noting that "*[i]f* the statute deprived the court of jurisdiction to hear and determine the case, then the court would be powerless to render judgment *against* a corporation whose corporate privileges had been forfeited by the Comptroller"), *superseded on other grounds by statute as stated in Bair Chase Prop. Co., L.L.C. v. S & K Dev. Co.,* 260 S.W.3d 133 (Tex. App.—Austin 2008, pet. denied); *see also*

## C. Surber's Affidavit

In its second issue, Profitlive argues Surber's affidavit was insufficient as a matter of law to support damages because, among other things, it fails to lay any predicate as to how Surber's common law fraud and civil conspiracy claims would support an award of lost wages or how Surber's education, work history, or other evidence supports Surber's claimed value of her time.

Surber and JPI's motion for summary judgment seeks judgment as a matter of law on their common law fraud and civil conspiracy claims.[6] Their motion seeks an award of actual damages to Surber based solely upon her "lost time and earnings during the within litigation, which totals in excess of $250,000." In support of her claimed "lost time and earnings," Surber submits affidavit testimony in which she states what she "would have been able to earn as a consultant or in other like employment, as a result of [her] M.B.A. degree, . . . but for the necessity of devoting [her] time and attention to pursuing [her] rights and those of [JPI]." Surber estimates the value of her time to be $50 per hour based on her experience, states that she has spent in excess of 5,000 hours "investigating and pursuing this case," and states

_Cruse v. O'Quinn_, 273 S.W.3d 766, 770–71 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (citing _Vanscot Concrete Co. v. Bailey_, 853 S.W.2d 525, 526–27 (Tex. 1993), for the proposition that a corporation that had ceased to exist could still appeal a trial court's judgment against it). During the pendency of this appeal, Surber and JPI filed a motion to supplement their brief to elaborate on standing—in light of our discussion above, we deny that motion.

[6] We have supplemented the appellate record to include Surber and JPI's live pleading against Profitlive, and the pleading shows that these are the only two claims they bring against Profitlive.

that this litigation has prevented her from obtaining employment in which she would have earned $250,000. The trial court entered judgment for Surber in the amount of $250,000 for actual damages "as set forth in the Motion" for summary judgment.

Surber's claimed actual damages "in the form of lost time and earnings during the within litigation" are based upon her claimed financial loss due to the time she spent on litigation matters instead of income-producing activities. Accordingly, these damages are a category of litigation expenses. But litigation expenses, including the value of time lost due to litigation, generally are not recoverable unless expressly provided by statute or contract or recoverable under equitable principles. *See Eberts v. Businesspeople Pers. Servs., Inc.*, 620 S.W.2d 861, 863 (Tex. Civ. App.—Dallas 1981, no writ) (holding lost earnings due to time spent on litigation by plaintiff's president and other employees are not recoverable); *Shenandoah Assocs. v. J & K Props., Inc.*, 741 S.W.2d 470, 486–87 (Tex. App.—Dallas 1987, writ denied) (holding expenses of litigation, including "litigant's loss of time and that of his employees," not recoverable as costs or damages); *see also Beasley v. Peters*, 870 S.W.2d 191, 196 (Tex. App.—Amarillo 1994, no writ) ("[I]t is settled that time lost [due to litigation] is an expense of litigation for which recovery is not allowed."); *Brandtjen & Kluge v. Manney*, 238 S.W.2d 609, 612 (Tex. Civ. App.—Fort Worth 1951, writ ref'd n.r.e.) ("The general policy of the Texas law appears to be that parties to a suit are not allowed recovery, either as costs of suit or as damages, for expenses incurred in prosecuting or defending the suit, such as attorney's fees,

9

traveling expenses, etc., unless recovery for such items is expressly provided for by statute, or is recoverable under usages of equity.").

Surber has failed to identify any statute or contract that provides for the recovery of the value of her lost time and earnings as damages on her common law fraud and civil conspiracy claims. Accordingly, we hold that neither the affidavit nor her other summary judgment evidence supports the trial court's actual damages award of $250,000 to Surber.

To be entitled to summary judgment, Surber was required to establish each element of her causes of action as a matter of law. *See Profitlive I*, 248 S.W.3d at 260–61. The elements of common law fraud are (1) a material representation, (2) that is false, (3) which was either known to be false when made or was made recklessly without knowledge of its truth, (4) with the intent that the representation be relied upon, (5) that it was relied upon, and (6) which caused injury. *Johnson & Johnson Med., Inc. v. Sanchez*, 924 S.W.2d 925, 929–30 (Tex. 1996); *Malone v. Sewell*, 168 S.W.3d 243, 252 (Tex. App.—Fort Worth 2005, pet. denied). The elements of civil conspiracy are: (1) two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages as a proximate result. *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005). Because we have held that summary judgment evidence does not support Surber's damages, Surber has failed to conclusively establish that she is entitled to summary judgment on all essential elements of her

10

causes of action.  *See, e.g., Profitlive I*, 248 S.W.3d at 262.  Accordingly, we sustain this portion of Profitlive's second issue, and we must reverse this portion of the trial court's judgment.[7]  *See MMP, Ltd.*, 710 S.W.2d at 60.

## IV.  Conclusion

Having overruled Profitlive's first issue, we affirm the portion of the judgment granting summary judgment on JPI's claims.  Having sustained the portion of Profitlive's second issue challenging Surber's damages award, we reverse the portion of the judgment granting summary judgment on Surber's claims and remand the cause to the trial court for a new trial on those claims.[8]

BOB MCCOY
JUSTICE

PANEL: DAUPHINOT, WALKER, and MCCOY, JJ.

DELIVERED: May 20, 2010

---

[7] Based on our resolution, we need not address Profitlive's remaining arguments under this issue.  *See* Tex. R. App. P. 47.1.  We note that although Profitlive mentions that Surber and JPI relied on "the same deemed, merits-preclusive admissions" for the remaining damages, it has provided no briefing on this issue.  *See Weaver v. Sw. Nat'l Bank*, 813 S.W.2d 481, 482 (Tex. 1991); *see also* Tex. R. App. P. 38.1(f), (i).

[8] Surber and JPI separately move that we dismiss this appeal or, in the alternative, compel Profitlive to pay sanctions as a condition to appeal based upon conduct by Profitlive that Surber and JPI characterize as contumacious, including Profitlive's past discovery abuses and failure to comply with the trial court's earlier sanctions orders.  We deny this motion without comment on the merits of imposition or enforcement of sanctions by the trial court.

11